# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| LUIS HENRY RUIZ | § | |
| | § | |
| V. | § | 1-18-CV-0080-LY |
| | § | |
| LORIE DAVIS | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules. Before the Court are Petitioner Luis Ruiz's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (ECF No. 1), and Respondent's Answer (ECF No. 13). Ruiz, proceeding pro se, has paid the filing fe for this case. For the reasons set forth below, the undersigned finds that the application for a writ of habeas corpus should be dismissed.

## I. STATEMENT OF THE CASE

**A.     Petitioner's Criminal History**

The Director has custody of Ruiz pursuant to a judgment and sentence of the 403d Judicial District Court of Travis County, Texas. Ruiz was charged by indictment with aggravated robbery with a deadly weapon, enhanced by three prior felony convictions. (ECF No. 15-26 at 6-7). Ruiz was convicted after a bench trial and sentenced to forty years' imprisonment. *Ruiz v. State*, No. 03-03-00530-CR, 2004 WL 1403771 (Tex. App.–Austin 2004, pet. ref'd). The Third Court of Appeals affirmed Ruiz's convictions, *id.* at *3, and the Court of Criminal Appeals denied a petition for discretionary review on November 10, 2004. *Id.* at *1. Ruiz did not seek a writ of certiorari.

Ruiz, through counsel, filed an application for a state writ of habeas corpus on February 21, 2008, (ECF No. 15-23 at 21-67), which was dismissed by the Court of Criminal Appeals as noncompliant on April 2, 2008. (ECF No. 15-23 at 2; ECF No. 15-29 at 29). More than eight years later, Ruiz filed a second, pro se application for a state writ of habeas corpus. (ECF No. 15-26 at 20-360 (filed December 30, 2016)). The writ was denied by the Court of Criminal Appeals on August 9, 2017, without written order on the findings of the trial court. (ECF No. 15-26 at 20-36; ECF No. 15-29 at 29-32). Ruiz filed his federal habeas petition on January 24, 2018. (ECF No. 1 at 11).

**B.     Petitioner's Grounds for Relief**

Ruiz asserts he is entitled to federal habeas relief because: (1) he was denied the effective assistance of counsel; (2) the State suppressed exculpatory and/or impeachment evidence; and (3) he is actually innocent of the crimes of conviction. Ruiz acknowledges his petition is not timely and argues he is entitled to tolling of the statute of limitations because he was not previously able to obtain affidavits supporting his claims of ineffective assistance of counsel. (ECF No. 1 at 10).

## II. DISCUSSION AND ANALYSIS

**A.     Statute of Limitations**

Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). That section provides, in relevant part:

> (d)(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United

> States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**B.     Application**

Ruiz's conviction became final, at the latest, on February 8, 2005, when the time expired to file a petition for writ of certiorari in the United States Supreme Court. *See Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013). Accordingly, the one-year statute of limitations with regard to his federal habeas petition expired on February 8, 2006, absent statutory tolling by a properly-filed state action for post-conviction relief. Ruiz did not seek state post-conviction relief from February 8, 2005, when his conviction became final, until February of 2008, at which time the statute of limitations on his federal habeas action had already expired. Because neither of his actions for state habeas relief could re-start the statute of limitations on his federal habeas action, *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000), the 2254 petition filed January 24, 2018, was filed almost twelve years after the statute of limitations expired.

The statute of limitations is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A federal habeas petitioner is entitled to equitable tolling only if he diligently pursued his rights and some extraordinary circumstance prevented timely filing. *Mathis v. Thaler*, 616 F.3d 461,

474 (5th Cir. 2010) (citing *Holland*, 560 U.S. at 649). The Fifth Circuit has explained that equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights," and that "excusable neglect" does not support equitable tolling *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

The Fifth Circuit Court of Appeals has permitted equitable tolling only in cases involving "exceptional circumstances." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 297 (5th Cir. 1998). The Fifth Circuit has consistently found no exceptional circumstances even in cases where petitioners faced non-routine logistical hurdles in submitting timely habeas applications. *Fisher*, 174 F.3d at 715; *Cantu-Tzin*, 162 F.3d at 297. And, when deciding whether to equitably toll the statute of limitations, the diligence of the petitioner is of foremost concern, as "equitable tolling should only be applied if the applicant diligently pursues § 2254 relief." *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001). *See also Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009). "[E]quity is not intended for those who sleep on their rights."*Fisher*, 174 F.3d at 715.

Ruiz's claim of actual innocence "depends critically on the validity of his claim that he was denied a fair trial as a result of the ineffective assistance of counsel." (ECF No. 1 at 7). He asserts counsel failed to communicate with Ruiz through an interpreter; failed to interview his "alleged co-defendant," failed to interview alibi witnesses, and failed to ask the court for funding to retain a latent fingerprint expert. (ECF No. 1 at 6). Ruiz has not alleged any equitable basis exists for excusing his failure to timely file his federal habeas corpus application. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

4

circumstance stood in his way."). The record does not reflect that any unconstitutional state action impeded him from filing a petition for federal habeas corpus relief prior to the end of the limitations period. Ruiz has not exercised diligence in pursuing his claims. Furthermore, Ruiz has failed to demonstrate that he did not know the factual predicate of his claims earlier. "A petitioner is not entitled to an extended delay while he gathers every scrap of evidence that might support his claim." *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998). Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

**C.     Actual Innocence**

A state prisoner otherwise subject to the dismissal of a habeas petition on procedural grounds may have his federal constitutional claims considered on the merits if he "'makes a proper showing of actual innocence.'" *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) (quoting *Herrera v. Collins*, 506 U.S. 390, 404-05 (1993). However, this requires a showing of factual, rather than legal innocence, which is possible only in "an extraordinary case." *Id.* (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). When invoking the miscarriage of justice exception to AEDPA's statute of limitations, a petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Ruiz does not present new evidence establishing his factual innocence of the crime of conviction. Accordingly, he has not established his is the extraordinary case where it is more likely than not that no reasonable juror would have convicted him in light of what he asserts is "new" evidence. Because he fails to make this showing, he fails to establish a miscarriage of justice will occur absent consideration of the merits of his claims.

5

## III. RECOMMENDATION

It is therefore recommended that Ruiz's application for writ of habeas corpus be dismissed with prejudice as time-barred.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to

deserve encouragement to proceed. *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153 (1985); *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

SIGNED this 14th day of June, 2018.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE